UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DELICE MANON,

                      Plaintiff,

    -against-

THE CITY OF NEW YORK;
MAYOR MICHAEL BLOOMBERG;
CHAIRPERSON DAVID YASSKY;
DIRECTOR DAVID EMERT;
EUGENE PONS,

                      Defendants.

------------------------------------------------------------X

ORDER OF SERVICE

12 Civ. 7360 (LTS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 04 2013

LAURA TAYLOR SWAIN, United States District Judge:

Plaintiff, acting *pro se*, brings this action under 42 U.S.C. § 1983, alleging that a coworker at the New York City Taxi and Limousine Commission ("TLC") physically assaulted her. In her amended complaint, Plaintiff sues coworker Eugene Pons, supervisor David Emert, TLC Chairman David Yassky, Mayor Michael Bloomberg, and the City of New York. By Order dated October 9, 2012, the Court granted Plaintiff's request to proceed *in forma pauperis*.

## STANDARD OF REVIEW

The Court has the authority to screen *sua sponte* an *in forma pauperis* complaint at any time and must dismiss the complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." *Harris v.*

*Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff Delice Manon has held an administrative position at the TLC in Queens, New York, for nineteen years. (*See* Am. Compl. at 2.) On November 10, 2010, TLC employee Eugene Pons allegedly slammed a door in Plaintiff's face, injuring her nose. (*See id.* at 3) The TLC filed a "written General Report" about the incident, and Pons "pleaded no contest." (*Id.*) Thereafter, on August 14, 2012, Pons allegedly "forcefully" ran into Plaintiff in the hallway, seriously injuring her upper shoulder. (*See id.* at 3.)

Manon alleges that Pons violated her civil rights. (*Id.* at 4.) She further alleges that Mayor Bloomberg is "vicariously liable" (*id.* at 5), and that the City of New York, TLC Chairperson David Yassky, and her supervisor David Emert failed to adequately train employees in deliberate indifference to her safety (*id.* at 4).

## DISCUSSION

Liability for civil rights violations cannot be premised on a theory of *respondeat superior*. *See Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Plaintiff's allegations that Mayor Bloomberg is "vicariously liable" (Compl. at 3) for her injuries therefore fail to state a claim on which relief can be granted.

## CONCLUSION

The Court dismisses Plaintiff's claims against Mayor Michael Bloomberg for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

2

The Court directs the Clerk of Court to issue a summons as to Defendants Eugene Pons, David Emert, David Yassky and the City of New York. Plaintiff is directed to serve the summons and complaint on Defendants within 120 days of the issuance of the summons. If within those 120 days, Plaintiff has not either served Defendants or requested an extension of time to do so, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

_____
LAURA TAYLOR SWAIN
United States District Judge

Dated: April 4, 2013
New York, New York

3